**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTITA TOGBA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **HOLCOMB BEHAVIORAL HEALTH SYSTEMS** | : | **NO. 03-4892** |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Holcomb Behavioral Health Systems ("Defendant" or "HBHS"), by its undersigned counsel, hereby responds to the Complaint of Plaintiff, ("Plaintiff" or "'Togba"), and asserts affirmative defenses thereto as follows:

1. Admitted only that Plaintiff is an adult individual. Defendant lacks sufficient knowledge or information to admit or deny the remaining averments of this paragraph and, accordingly, the remaining averments of this paragraph are denied.

2. Admitted in part and denied in part. Admitted only that Defendant is an entity engaged in business with offices located at the address indicated in this paragraph. The remaining averments of this paragraph are conclusions of law to which no response is required.

3. Admitted in part and denied in part. Admitted only that Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Denied that any such violations occurred or that Plaintiff's claims are meritorious.

4. The averments of this paragraph are conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

5. Admitted.

  6.  The averments of this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

  7.  Admitted.

  8.  The averments of this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

  9.  Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and, accordingly, the averments of this paragraph are denied.  By way of further response, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

  10.  Admitted in part and denied in part.  Admitted only that Plaintiff was fired on or about January 15, 2003 for commission of a serious violation relating to patient safety.  The remaining averments of this paragraph are denied.

  11.  The averments of this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

  12.  The averments of this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief that she requests.

  13.  Admitted in part and denied in part.  Admitted only that Plaintiff filed a charge with the Equal Employment Opportunity Commission.  Defendant lacks sufficient

knowledge or information to admit or deny the remaining allegations of this paragraph and, accordingly, the remaining averments of this paragraph are denied.

14. Admitted.

**WHEREFORE**, Defendant requests judgment in its favor against Plaintiff dismissing all claims against it with an award of attorneys' fees and costs of this suit.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by applicable federal and/or state statutes and case law interpreting them.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in a reasonable and lawful manner.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Plaintiff was an employee at-will.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative and other remedies and her failure to otherwise fulfill all of the procedural prerequisites for bringing this suit.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exercise reasonable care to take advantage of the Defendant's safeguards and/or her refusal to provide Defendant an opportunity to investigate her accusations.

## ELEVENTH AFFIRMATIVE DEFENSE

Despite her failure to report any alleged misconduct during her employment with Defendant, Defendant fulfilled its legal obligation to investigate Plaintiff's accusations and/or to enact immediate and appropriate corrective measures.

## TWELFTH AFFIRMATIVE DEFENSE

At all times Defendant exercised reasonable care to avoid harassment and eliminate it if and when it might occur.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant did not know and could not reasonably have known of the alleged harassment.

**WHEREFORE**, Defendant requests judgment in its favor against Plaintiff dismissing all claims against it with an award of attorneys' fees and costs of this suit.

                             **RAWLE & HENDERSON** LLP

                             BY:_____
                                  Joseph L. Turchi
                                  Christine D. Steere
                                  Attorneys for Defendant
                                  I.D. No. 65294/84046
                                  The Widener Building
                                  One South Penn Square
                                  Philadelphia, PA  19107
                                  (215) 575-4200

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Answer and Affirmative Defenses has been served on this date by U.S. Mail, First Class, upon the following counsel of record:

Mark S. Scheffer, Esquire
Pomerantz & Scheffer
7th Floor, Stephen Girard Building
21 South 12th Street
Philadelphia, PA 19107-3603

_____
Joseph L. Turchi

Date: October 22, 2003

876748 v.1